CHESTER

v.

TEXAS EMPLOYERS INS. ASS'N.

No. 6717.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 4, 1954.

Rehearing Denied March 4, 1954.

Ed Yarbrough, Tyler, for appellant.

Ramey, Calhoun, Brelsford & Hull, Vincent Ferrell, Tyler, for appellee.

FANNING, Justice.

This is an appeal by LeRoy Chester from a judgment overruling his motion to reinstate his case which had previously been dismissed upon the voluntary motion of his counsel for nonsuit.

Appellant's suit was for workmen's compensation insurance; the parties announced ready for trial and proceeded to trial before a jury; both sides introduced and completed their evidence and the jury was excused until the next day awaiting the preparation of the court's charge; the next day, out of the presence of the jury, appellee presented a motion to the court for an instructed verdict. Attorney for appellant soon thereafter presented a motion to the court to allow appellant to take a nonsuit of his case, which motion was granted by the trial court. The trial court did not make any ruling on appellee's motion for instructed verdict inasmuch as the trial court had previously granted appellant's voluntary motion for nonsuit. On the day following the dismissal, appellant through his attorney filed a written motion to set aside the nonsuit dismissal judgment and to reinstate the case.

Appellant's written motion for reinstatement alleges as follows:

"Now comes LeRoy Chester, plaintiff in the above entitled and numbered cause and moves the court to reinstate the case that plaintiff dismissed herein yesterday, April 21, because such dismissal was made through rashness of plaintiff's said attorney and said dismissal will be injurious to plaintiff because all in this world that he has is at stake in this case and he should have an opportunity for the courts of this state to pass on his rights in this case.

"Wherefore plaintiff prays the court that for his sake that this case should be reinstated."

The trial court heard evidence on the above motion and overruled same and appellant has appealed from this ruling.

The evidence adduced at the hearing on the motion consists of the statement of appellant's attorney and the statement of appellee's attorney. These statements are partly factual and are also arguments addressed to the court on the law and the facts of the matter. Appellant's attorney in his statement to the court, among other things, related his own physical illness and weakened condition which made it difficult for him to properly prepare appellant's case for trial, his subsequent nervousness during the trial and his action in taking a nonsuit without consulting with his client. Appellant's attorney also contends in his brief that the trial court had intimated to him that he was going to sustain appellee's motion for an instructed verdict. Appellee disputes this contention and we do not find anything in the record to sustain this statement, however, we do not think it is material, inasmuch as the record clearly shows that the trial court never did rule on the motion for instructed verdict. The trial court however at the close of the hearing on the motion for reinstatement did make the statement that he thought the motion for instructed verdict was good.

Appellee's motion for instructed verdict we presume was oral as same is not brought forward in either the transcript or statement of facts. We therefore do not know the contents of such motion but from appellant's brief we assume that this motion attacked the sufficiency of the proof of appellant to sustain a wage rate and to show good cause for appellant's not filing a claim without the six months statutory period. However as above stated the trial court never passed on this motion.

The question involved here is whether or not the trial court in overruling appellant's motion to reinstate abused his judicial discretion in doing so.

The privilege of taking a nonsuit by the plaintiff is controlled by the provision of Article 2182 of the Revised Civil Statutes

of Texas, now Rule 164 of the Texas Rules of Civil Procedure, which reads as follows:

"At any time before the jury has retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." The case of Texas Electric Ry. v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11, says with reference to this statute: "This statute confers the privilege upon a plaintiff in a jury trial to take a nonsuit at any time before the jury has retired. Where the defendant moves for a peremptory instruction, the plaintiff's right to a nonsuit is controlled by that portion of the statute applicable to cases tried before the court without the intervention of a jury. Under such circumstances, the request for a nonsuit is timely if made before the judge has in open court announced his ruling granting such motion. Adams v. St. Louis Southwestern R. Co. (Tex.Civ. App.), 137 S.W. 437; Wood v. Moers (Tex.Civ.App.), 289 S.W. 1017."

Where there is no error in a ruling which forced the plaintiff to take a nonsuit, a motion to reinstate is addressed to the discretion of the court. But when the plaintiff has been forced to take a nonsuit by an erroneous ruling, a refusal to reinstate may be revised on appeal, 15 Tex.Jur. 270, 271.

The case of Butler v. Light Pub. Co., Tex.Civ.App., 112 S.W.2d 542, writ dismissed, holds that in absence of showing of abuse of discretion by trial judge, his order refusing to reinstate a libel suit after a voluntary nonsuit had been granted to plaintiff, jury discharged, and cause dismissed, at time when evidence had all been introduced and court's charge to the jury had been prepared, would be affirmed.

The case of Sanchez v. Atchison, T. & S. F. R. Co., 90 S.W. 689, 690, is close in point to the instant case. We quote from the court's opinion as follows: "The right to take an appeal from a voluntary nonsuit being granted, it might appear that no dis- tinction would exist on appeal between a voluntary and an enforced nonsuit, but we think there is a difference. In the case of an involuntary dismissal of a suit the appellate court would look into the pleadings and the facts, and, if they disclose a case that should have been submitted to a jury, a reversal of the judgment would be ordered, but, if the nonsuit is voluntary, it must be presumed that the plaintiff deemed his evidence insufficient to support a verdict, and in order to obtain a reinstatement of the cause in the lower court, or a reversal of the order denying a reinstatement, it must appear that the plaintiff had discovered other testimony that would strengthen his case and lead to a different result on another trial. If a plaintiff can, as seemingly contended by plaintiff in error, enter a nonsuit whenever he may doubt his ability to obtain a verdict, and then on the mere asking, without any further showing, have the cause reinstated, cases might be tried an indefinite number of times, and the proceedings of courts rendered farcical. The motion to reinstate the cause states generally that 'he has a good cause of action which he can substantiate by sufficient additional testimony in his favor, and show to the satisfaction of the court that he has a good cause of action.' The additional testimony is not set out. Plaintiff in error, after voluntarily dismissing his cause of action, would stand in no better position on a motion to reinstate than he would on a motion for a new trial in a case in which a jury had returned a verdict against him, and the same rules should apply in the one case as in the other. It would not be seriously contended for a moment that the statement as to additional testimony would be sufficient in a motion for a new trial. * * * The court did not abuse the discretion confided to it in refusing to reinstate the cause."

Appellant in his motion for reinstatement does not complain of any erroneous ruling of the court compelling him to take a nonsuit, nor does he allege in said motion that he was in any way misled by the court nor does he allege in said motion that there is any newly discovered evi-

dence available or that there was anything that caused him to take the nonsuit other than, as he placed it, "the rashness of plaintiff's said attorney."

There is nothing in the record to indicate that plaintiff requested any continuance or postponement of the trial of the case by reason of illness of plaintiff's attorney, or by reason of unexpected absence of any witness, or for any other reason, or that he did not ask the court's permission to withdraw his closing announcement to produce additional testimony.

 The motion to reinstate the cause was directed to the sound discretion of the trial judge, and unless it is shown that the court abused its discretion in refusing to reinstate the cause this court would have no authority to set aside this order.

Appellant does not show an abuse of discretion by the trial judge. It therefore becomes our duty to affirm the action of the trial court in overruling the motion to reinstate the cause, and same is accordingly affirmed.