**W. A. MADDOX, Appellant,**

**v.**

**CITY OF AMARILLO et al., Appellees.**

**No. 7446.**

Court of Civil Appeals of Texas.

Amarillo.

March 22, 1965.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

NORTHCUTT, Justice.

On April 29, 1960, the City of Amarillo and other taxing units filed a suit against W. A. Maddox in Cause No. 34,555 in the 108th District Court of Potter County, Texas, to recover taxes alleged to be due. Maddox answered on May 9, 1960, by general denial. The attorneys for the parties had met and discussed a settlement before a hearing was had by the court. The tax case was set at a regular docket call for December 4, 1962. The attorney for Maddox was notified of said setting but failed to appear at said hearing and judgment was rendered against Mr. Maddox. Execution was issued on November 21, 1963, and the sheriff contacted Mr. Maddox in connection with said execution.

It is the contention of Mr. Maddox that the first time he knew a judgment has been granted in the tax case was when the sheriff contacted him. On December 16, 1963, Maddox filed this Bill of Review requesting the court to set aside the judgment rendered against him for the taxes. A hearing was had upon the Bill of Review before the court without a jury and judgment was en-

tered decreeing that the relief prayed for be denied and that defendants have judgment that the judgment in Cause No. 34,555 was a valid judgment and that such judgment not be vacated or set aside. From that judgment Maddox (hereinafter called appellant) perfected this appeal.

Appellant presents this appeal upon one point of error as follows: "The trial court erred in failing to enforce the undisputed oral stipulation as made between the attorneys in this case." It was appellant's attorney's contention that the reason he did not appear at the time the case was set for hearing was because he was relying upon his agreement with the attorney on the other side that no judgment would be taken or action taken until he could get the figures from the taxing unit as to what they would take. It is undisputed that the attorneys met and discussed a settlement several times before the case was finally set for hearing and judgment was entered.

Robert L. Smith was the attorney originally handling the tax suit No. 34,555 and the attorney appellant's attorney contends he had his agreement with. Robert L. Smith resigned as such tax attorney on July 11, 1961, and other attorneys thereafter handled the tax suit No. 34,555. It was some seventeen months after Mr. Smith had left the tax office before the tax case was set at a regular docket call. It was almost one year thereafter before any execution was issued. The two attorneys could not agree as to their agreement.

Rule 11 of the Texas Rules of Civil Procedure provides as follows:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

In denying appellant's Bill of Review the court referring to Rule 11 stated:

"And it just simply—because of cases like this that we do have that

policy, because it's so easy for attorneys to have different negotiations about what the agreements actually were. So far as any agreement is concerned, we would have to assume, since there is not an agreement between you as to what it was, and since it wasn't transmitted to the Court in the form noted, that we will not consider that there was such an agreement."

No findings of fact or conclusions of law were filed and no request for such findings were made until after the judgment here involved had become final. We think the correct rule under such condition has been properly stated in the case of Bradshaw v. Holmes, 246 S.W.2d 296 (N.R.E.), where it is stated:

"No findings were requested and therefore no findings were made and filed by the trial court. If the pleadings and evidence support the trial court's judgment on any theory the same must be sustained. It must be presumed that the trial court's findings supported its judgment. In considering the sufficiency of the evidence in support of the presumed findings of the trial court, the reviewing court must construe the evidence in the light most favorable to the judgment and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold the judgment. Strickland v. Humble Oil & Refining Co., Tex.Civ.App., 181 S.W.2d 901, and Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, and other authorities there cited."

It is stated in Cantu v. Cantu, Tex.Civ.App., 253 S.W.2d 957 that a trial judge should not be called upon to decide disputes which arise among attorneys who are practicing before his court.

Finding no error in the judgment of the court, judgment of the trial court is affirmed.