Carol Ann GRIFFIN et vir., Appellants,

v.

Dr. Norman A. MILES, Appellee.

No. 1637.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 29, 1977.

Rehearing Denied July 20, 1977.

John H. Holloway, Houston, for appellants.

Kenneth Tekell, Tekell, Book & Matthews, Frank B. Davis, Stephen Perry, Andrews, Kurth, Campbell & Jones, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This appeal arises from the trial court's overruling of appellants' motion to reinstate a cause from which they took a voluntary nonsuit.

In June 1975, appellants, Carol Ann Griffin and her husband, filed suit against appellees, Dr. Norman A. Miles and Heights Hospital, in Houston, Texas alleging negligence and breach of contract on the part of Dr. Miles and Heights Hospital in failing to remove a surgical sponge from Mrs. Griffin's abdomen during a Caesarean Section. The presence of this sponge induced an infection causing her severe pain and required a second operation to remove it. Both appellees answered, and Dr. Miles filed a cross-action against Heights Hospital asking for indemnification in the event he was found negligent. Prior to selection of the jury, appellants took a voluntary nonsuit against Dr. Miles, and, in turn, he took a nonsuit against the hospital. The jury returned a verdict for $20,000.00 against the hospital in favor of appellants. Appellants then filed a motion for new trial asking that their nonsuit be set aside and the cause as to Dr. Miles be reinstated. They alleged that the nonsuit was taken upon oral representations that Dr. Miles' insurer would enter into a settlement agreement with appellants in the amount of $15,000.00 ($100.00 to be paid to Mrs. Griffin and $14,900.00 to her husband) under a covenant not to sue, and the assignment to appellants of any cause of action Dr. Miles might have against the hospital for contribution or indemnification.

Appellants claim that after the trial of their case against the hospital, Dr. Miles refused to perform according to the agreement and, instead, offered the $15,000.00 settlement in exchange for a full release of all parties from any liability and without assigning their cause against the hospital. Appellants refused to accept this offer and in their motion to reinstate claimed that

there was either no meeting of the minds pertaining to the agreement or, alternatively, that the settlement was induced by fraud, accident or mistake. There was no complaint raised as to the judgment against the hospital. The trial court overruled appellants' motion, and they now appeal that ruling to this court.

■ It is well settled that the right of the plaintiff to take a voluntary nonsuit is absolute and cannot be denied. *State v. Gary,* 359 S.W.2d 456, 458–59 (Tex.Sup. 1962); *Brooks v. O'Connor,* 39 S.W.2d 22, 24 (Tex.Sup.1931); *Chicago, R. I. & P. Ry. v. Southern Pacific Co.,* 458 S.W.2d 234, 235 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.). This right, however, is not without limitation; for example, where the right of an adverse party to be heard on his claim for affirmative relief is prejudiced. Tex.R.Civ.P. 164 (as amended to permit taking a nonsuit up to time plaintiff rests his case).

■ While this right to take a nonsuit can be denied only under limited circumstances, a motion to reinstate the cause upon which the plaintiff has taken a nonsuit is, by contrast, directed to the sound discretion of the trial judge and his action will only be disturbed by an appellate court upon the showing of a clear abuse of discretion. *Chester v. Texas Employers Ins. Ass'n,* 265 S.W.2d 648, 651 (Tex.Civ.App.— Texarkana 1954, writ ref'd n. r. e.); *Butler v. Light Pub. Co.,* 112 S.W.2d 542, 543 (Tex. Civ.App.—San Antonio 1937, writ dism'd). In this case appellants requested that their cause against Dr. Miles be reinstated because he refused to perform in accordance with an oral settlement agreement. There is no written evidence of this agreement entered into the record as contemplated under Tex.R.Civ.P. 11.

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Moreover, appellants have offered no reason why this agreement was not committed to writing and entered into the record. The only evidence offered at the hearing on the motion for new trial was the testimony of the appellants' counsel establishing the terms of the agreement. While the testimony of this interested party was undisputed, we feel that the trial court acted within its discretion in denying appellants' motion to reinstate. Our decision in no way reflects on the validity of appellants' claim by way of bill or review or institution of a new suit against Dr. Miles for negligence in performing the operation or for breach of contract. However, we are not prepared to say that the trial court abused its discretion by failing to reinstate a cause based on the allegations of an oral settlement agreement between the opposing attorneys which is subject to the fallibility of human recollection and could have been easily entered into the record. *Cf. McClain v. Hickey,* 418 S.W.2d 588 (Tex.Civ.App.—Texarkana 1967, writ ref'd n. r. e.); *Maddox v. City of Amarillo,* 390 S.W.2d 51 (Tex.Civ.App.— Amarillo 1965, no writ).

All points of error being considered the judgment of the trial court is affirmed.

Affirmed.