Kirk WATSON, Individually, and as Independent Executor of the Estate of Inez Watson, Appellant,

v.

RESERVE NATIONAL INSURANCE COMPANY, et al., Appellees.

No. 10–83–050–CV.

Court of Appeals of Texas, Waco.

June 30, 1983.

Rehearing Denied July 28, 1983.

Michael Thomas, Martin & Thomas, Mexia, Mac L. Bennett, Jr., Normangee, for appellant.

Brendan J. Doran, McDonald, Calhoon, Freeman & Doran, Palestine, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from the trial court's overruling plaintiff's motion to reinstate a cause from which plaintiff had taken a voluntary nonsuit.

Plaintiff Watson, individually and as Independent Executor of the Estate of his deceased wife, sued defendant insurance company on a contract of hospitalization insurance carried by his deceased wife.

In February *1982* plaintiff's counsel sought to take depositions of certain of defendant's witnesses, and the question of whether the defendant would raise Article 3716 VATS (Dead Man's Statute) as an objection during the deposition or trial was discussed, and counsel for defendant on March 1, 1982, wrote counsel for plaintiff he would not refuse to allow the witnesses to answer questions on the basis of the dead man's statute.

Trial of the case commenced on February 8, *1983,* and plaintiff offered as his first witness plaintiff Watson, and asked him questions concerning his deceased wife Inez. Counsel for defendant objected to such testimony, invoking Article 3716 (the Dead Man's Statute).

The trial court sustained the objection and plaintiff moved to withdraw his announcement of "ready", which motion was overruled by the trial court. Plaintiff then moved to take a nonsuit which motion was granted by the trial court.

On March 1, 1983, plaintiff filed motion to reinstate the case. The trial court overruled such motion to reinstate on March 8, 1983.

Plaintiff appeals on one point: "The trial court erred and abused its discretion in overruling [plaintiff's] motion for reinstatement in failing to set aside the Order of Non-Suit and entered in the above referenced cause".

Rule 11, TRCP provides: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record".

Assuming without deciding that counsel for defendant agreed with counsel for plaintiff to waive the dead man's statute as to *all* witnesses on *both* the taking of depositions and on trial of the case a year later, such agreement was not in writing, signed and filed with the papers of the case; and was not made in open court; and was thus not required to be enforced by the trial court.

In such situation we cannot hold that the trial court abused its discretion in denying plaintiff's motion to reinstate. *Griffin v. Miles* Tex.Civ.App., 1977 [14 Houston] Er. Dismd. Agreement, 553 S.W.2d 933.

Plaintiff's point is overruled.

AFFIRMED.