Affirmed and Memorandum Opinion filed March 31, 2009








Affirmed and Memorandum Opinion filed March 31, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00876-CV

____________

 

JESSICA WILKINS, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHA=NYA HARRIS, Appellant

 

V.

 

JULIE KATHRYN MCMANEMY, M.D. AND
JALIL THURBER, M.D., Appellees

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2004-45728

 



 

M E M O R A N D U M   O P I N I O N








Appellant Jessica Wilkins, individually and as personal
representative of the estate of Sha=nya Harris,
appeals from the trial court=s order denying her motion for new trial
and to reinstate her claims against the appellees, Julie Kathryn McManemy, M.D.
and Jalil Thurber, M.D.  Wilkins contends that the doctors obtained their
dismissals from the case by filing motions in which they stated that the case
could have been brought against their employer, The University of Texas Health
Sciences Center at Houston (AUT@) under the Texas
Tort Claims Act.  Then, after Wilkins sued UT, UT successfully moved to have
the claims against it dismissed by asserting that the claims could not be
brought under the Tort Claims Act.  Wilkins claims that the premise for the
doctors= dismissal was
false, and therefore the trial court abused its discretion in refusing to
reinstate her claims against them.  For the reasons explained below, we conclude
that the trial court did not abuse its discretion in denying Wilkins=s motion, and
affirm.

Background

In August 2004, Wilkins sued Drs. McManemy and Thurber,
alleging that they failed to properly recognize, diagnose, and treat a
dangerous infection in her daughter, Sha=nya, and that, as
a result of being discharged without proper care, Sha=nya died.

Each doctor filed motions to dismiss Wilkins=s claims pursuant
to Texas Civil Practice and Remedies Code subsection 101.106(f) of the Texas
Tort Claims Act.  Under this subsection, if a suit is filed against an employee
of a governmental unit based on conduct within the general scope of that
employee=s employment, and
if it could have been brought Aunder this chapter@ against the
governmental unit, the suit is considered to be against the employee in the
employee=s official
capacity only.  Tex. Civ. Prac. & Rem. Code ' 101.106(f)
(Vernon 2005).  On the employee=s motion, Athe suit against
the employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant on or
before the 30th day after the date the motion is filed.@  Id.  In
their motions to dismiss, the doctors claimed that (1) they were employees of
UT, which is a governmental unit, (2) they were being sued in their official
capacities as physicians at UT, and (3) the claims against them could have been
brought against UT.   








In response, Wilkins filed amended pleadings omitting the
claims against the doctors and substituting claims against UT.[1] 
UT then filed a plea to the jurisdiction and motion to dismiss Wilkins=s suit, claiming
that the suit could not be brought against UT because it did not arise from the
use or condition of personal property as required by the Tort Claims Act and UT
had not received notice as required by the act.  The trial court granted the
motion and dismissed Wilkins=s claims against UT.  Wilkins then moved
for a new trial, asking the trial court to vacate the dismissals of the claims
against the doctors and to reinstate the claim against them.  The trial court
denied the motion, and this appeal followed.  

Analysis

Wilkins does not contend that the trial court erred in
dismissing her claims against UT.  The sole issue is whether the trial court
abused its discretion in refusing to reinstate the claims against the doctors
after the claims against UT were dismissed.  

A.         Standard of Review

We review a trial court=s denial of a
motion for new trial for abuse of discretion.  Dir., State Employees Workers= Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994); Stevens v. Anatolian Shepherd Dog
Club of Am., Inc., 231 S.W.3d 71, 77 (Tex. App.CHouston [14th
Dist.] 2007, pet. denied).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  Stevens,
231 S.W.3d at 77 (citing In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005)).  The fact that a trial court may decide a matter within
its discretionary authority differently than an appellate court does not demonstrate
an abuse of discretion.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241B42 (Tex. 1985).








B.         Wilkins=s Arguments

Wilkins contends that the trial court abused its discretion
in refusing to reinstate the claims against the doctors because the previous
dismissals were based on two fundamentally opposing premises:  (1) Wilkins
dismissed her claims against the doctors based on their statements that the
case could be brought against UT under the Tort Claims Act, and (2) the trial
court dismissed the case against UT on the grounds that no case could be
brought against UT under the Tort Claims Act.  Because both premises cannot be
true, Wilkins contends, the trial court should have reinstated the claims
against the doctors who obtained dismissals based on their representations that
the case could have been brought against UT.  Further, Wilkins argues, the
dismissals left her with no avenue for seeking compensation for the death of
her child.  

C.        Section 101.106(f) and
Wilkins=s Dismissal of Her Claims Against the Doctors

In 2003, as part of a comprehensive effort to reform the
tort system, the legislature amended section 101.106.  Mission Consol.
Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 656 (Tex. 2008).  Entitled AElection of
Remedies,@ the section was apparently revised to force a
plaintiff to decide at the outset whether an employee acted independently and
is thus solely liable, or whether she acted within the general scope of her
employment so that the governmental unit is vicariously liable.  Id. at
656B57.  Once the
plaintiff has acted on that decision by filing suit against either the employee
or the governmental unit, the statute plainly provides that the plaintiff may
not later sue the other.  The plaintiff has made Aan irrevocable
election@ that Aimmediately and
forever bars any suit or recovery by the plaintiff against@ whichever of the
twoCthe employee or
the governmental unitCthat the plaintiff elects not to sue. 
Tex. Civ. Prac. & Rem. Code ' 101.106(a), (b). 
The legislature determined that this forced choice would reduce the resources
that the government and its employees must use in defending redundant
litigation and alternative theories of recovery.  Garcia, 255 S.W.3d at
656B57. 








But the statute does provide a method in subsection
101.106(f) for a plaintiff to switch the target of the lawsuit in one
particular instance.  As noted above, the doctors relied on subsection
101.106(f) for their motions to dismiss.  That subsection provides the
following:

If a suit is filed against an
employee of a governmental unit based on conduct within the general scope of
that employee=s employment and if it could have been brought under
this chapter against the governmental unit, the suit is considered to be
against the employee in the employee=s official
capacity only.  On the employee=s motion, the suit
against the employee shall be dismissed unless the plaintiff files amended
pleadings dismissing the employee and naming the governmental unit as defendant
on or before the 30th day after the date the motion is filed. 

Tex.
Civ. Prac. & Rem. Code ' 101.106(f) (emphasis added). 

Wilkins contends that the emphasized language forced her to
dismiss the doctors and name UT as the defendant within thirty days after the
doctors filed their motions to dismiss; otherwise, her suit would be
dismissed.  Wilkins asserts that because the statute did not provide for or
refer to a hearing or otherwise authorize the trial court to deny an employee=s motion to
dismiss, when the employee filed a motion to dismiss stating that the suit
could have been brought against a governmental unit, she had to dismiss the
claims against the employees or sufferCas a statutory
consequenceCthe dismissal of her suit.  Therefore, based on the
doctors= representations,
Wilkins dropped her suit against them.  In the statute the Texas Legislature
does not expressly refer to a hearing and Wilkins did not request a hearing to
challenge the doctors= representations.  








Wilkins points out that the statute was new when the
doctors moved for their dismissal and there was little case law interpreting
the statutory revisions at the time the doctors filed their motions to
dismiss.  When Wilkins amended her petitions in 2005 to drop the doctors as
parties and add UT as a party, no opinions had issued holding that the employee
moving for dismissal must show why the suit could be brought against the
governmental unit.  Not until 2006 did this court issue an opinion discussing
the employee=s burden to establish that the claim could be brought
against the governmental unit.  See Phillips v. Dafonte, 187
S.W.3d 669 (Tex. App.CHouston [14th Dist.] 2006, no pet.).

Wilkins also contends that a case issued two days after Dr.
McManemy filed her motion to dismiss, Villasan v. O=Rourke, 166 S.W.3d 752
(Tex. App.CBeaumont 2005, pet. denied), gave the impression that
a trial court was required to dismiss a claim after a section-101.106 motion
was filed.  See id. at 758 (stating that subsection 101.106(f) Aallows the
governmental employee whose conduct is alleged to have been within the scope of
employment to force the plaintiff to amend the suit and name the governmental
entity as the sole defendant@).   However, Villasan dealt with
subsection 101.106(e), not 101.106(f).[2] 
See id. at 756.  The Villasan court held that, under subsection
101.106(e), the filing of a motion to dismiss by a governmental unit imposed a
statutory duty on the trial court to immediately dismiss the claim against the
employee.  See id. at 758B59.  Subsection
101.106(f) does not provide for the immediate dismissal of a plaintiff=s case upon the
filing of a motion; it includes additional language providing that it applies if
a plaintiff sues a government employee (1) based on conduct within the general
scope of that employee=s employment, and (2) if it could have
been brought Aunder this chapter@ against the
governmental unit.  See Tex. Civ. Prac. & Rem. Code ' 101.106(f). 
Thus, the Villasan court=s analysis of subsection 101.106(e) does
not readily translate to subsection 101.106(f).  

In addition, the appeal in Villasan was brought
after the defendant doctor moved to dismiss the plaintiffs= claims, the
plaintiffs filed a response to the doctor=s allegations, and
the trial court denied the doctor=s motion after
conducting a hearing on the motion.  Id. at 757.  Thus, Villasan
provided some indication that hearings and appeals were available procedural
avenues to test the doctors= allegations.  








The Villasan court provided a lengthy analysis of
section 101.106 and its provisions.  Among other things, the court determined
that, because section 101.106 forces a plaintiff to decide at the outset which
parties to sue in a Tort Claims Act suit, it impedes a plaintiff=s ability to
pursue, through trial, alternative theories at the same time.  See id. at
759B60.  Consequently,
a plaintiff=s initial decision regarding who should be made a
party in a Tort Claims Act suit is critical because it is irrevocable.  See
id. at 760B61.[3] 
As the court noted, A[g]iven the fact that an election is
forced by section 101.106 at the time a [Tort Claims Act] claimant files suit,
and the fact that the initial decision is irrevocable, the initial decision may
determine the claimant=s ultimate success or failure.@  Id. at
761.

Wilkins also contends that Franka v. Velasquez, 216
S.W.3d 409 (Tex. App.CSan Antonio 2006, pet. granted), is
instructive on subsection 101.106(f) because it Arejected a
proposed construction of that statute which would have left the plaintiff
without a remedy.@  In Franka, the court held that
the trial court did not err in denying the defendant doctors= motion to dismiss
under subsection 101.106(f) because they failed to establish that the
underlying lawsuit could have been brought against UT.  Id. at 410. 
Among other things, the doctors appeared to suggest that it was sufficient to
raise a fact issue as to whether the suit could have been brought against the
governmental unit to enable a trial court to dismiss claims against employees
under subsection 101.106(f).  Id. at 413.  The Franka court
rejected this suggestion in view of its potential result that the plaintiffs
would be left without a remedy if the claims against the doctors were dismissed
and immunity was ultimately held not to have been waived.  Id.[4]









Although Wilkins seizes on the Franka court=s language to
argue that this court similarly should eschew a construction of subsection
101.106(f) that leaves a plaintiff without a remedy, the appellees argue that
the Franka case is distinguishable because its procedural posture was
significantly different.  The appellees point out that in Franka, the
trial court considered the doctors= motion, the
plaintiffs= pleadings and response, and the evidence presented
before denying the motion.  Here, the trial court held no hearing and
considered no evidence, and so there is no potential fact issue raised, nor is
there any showing that the doctors were or were not entitled to dismissal for
this court to consider.[5] 
Moreover, the Franka court=s reasoning is
consistent with this court=s 2006 construction of subsection
101.106(f) in Phillips v. Dafonte, in which we held that the defendant
doctors were not entitled to be dismissed from the suit under subsection
101.106(f) because they failed to establish that the plaintiff=s suit could have
been brought under the Tort Claims Act against the governmental unit.  See
Phillips, 187 S.W.3d at 675B77.[6]

D.        The Trial Court Did Not Abuse
Its Discretion








Having reviewed the record and the parties= arguments, it is
apparent that at the time the doctors invoked section 101.106 as the basis for
their motions to dismiss, it was a relatively new statute with little case law
interpreting it.  Wilkins apparently determined at that time that subsection
101.106(f), the specific section relied on by the doctors, required her either
to substitute the doctors= employer as the defendant or have her
suit dismissed in its entirety, without an opportunity for a hearing or a
determination as to whether the claims could have been brought under the Tort
Claims Act.  As a result, the trial court never held a hearing on Thurber=s and McManemy=s motions to
dismiss.  Since that time, courts have determined that this construction of the
statute is incorrect.  See, e.g., Hall v. Provost, 232 S.W.3d 926, 928
(Tex. App.CDallas 2007, no pet.) (holding that defendant doctor
was not entitled to dismissal under subsection 101.106(f) because he failed to
demonstrate that plaintiff had alleged claims that could have been brought
under the Tort Claims Act); Kanlic v. Meyer, 230,S.W.3d 889, 893B94 (Tex. App.CEl Paso 2007, pet.
denied) (same); Franka, 216 S.W.3d at 410; Phillips, 187 S.W.3d
at 675B77.

On June 10, 2005, in response to Dr. McManemy=s motion to
dismiss, Wilkins filed an amended petition and dropped Dr. McManemy as a
defendant.  On August 8, 2005, Wilkins filed a second amended petition in
response to Dr. Thurber=s motion to dismiss and dropped Dr.
Thurber as a party, just as she had done with Dr. McManemy.  The motion to
reinstate was filed on August 10, 2006, one month after the trial court signed
an order granting the hospital=s plea to the jurisdiction and motion to
dismiss.








Wilkins argues that the trial court had plenary power to
reinstate the claims against the doctors and set aside the dismissals because a
final judgment had not been entered in the case.  But, that questionCi.e., whether the
trial court had plenary power to reinstateCis not the real
issue before us.  The issue is whether the trial court abused its discretionCthat the trial
court=s decision was
arbitrary, unreasonable, and without reference to guiding principles.  At the
posture the case was in when the motion to reinstate was presented to the
judge, we cannot say the trial court abused its discretion by refusing to
reinstate the two doctors as parties.  See Griffin v. Miles, 553 S.W.2d
933, 935 (Tex. Civ. App.CHouston [14th Dist.] 1977, writ dism=d) (holding trial
court did not abuse its discretion in failing to reinstate case based on
allegation that defendant breached alleged oral settlement agreement between
opposing attorneys, when plaintiffs offered no reason why agreement was not
reduced to writing and entered into the record); Chester v. Tex. Employers
Ins. Ass=n, 265 S.W.2d 648, 650B51 (Tex. Civ. App.CTexarkana 1954,
writ ref=d n.r.e.) (holding
trial court did not abuse its discretion by refusing to reinstate plaintiff=s case after
plaintiff moved for and was granted a voluntary non-suit one day after
defendant presented a motion for instructed verdict in a jury trial); Butler
v. Light Pub. Co., 112 S.W.2d 542, 543 (Tex. Civ. App.CSan Antonio 1937,
writ dism=d) (holding plaintiff failed to show trial court
abused its discretion by refusing to reinstate libel suit when voluntary
non-suit had been granted to plaintiff after jury heard evidence and court=s charge had been
prepared).  For us to say that the trial court abused its discretion, we would
have to conclude that the trial court had no choice but to reinstate the claims
against the doctors; that we cannot do.  

Wilkins also argues that we should reinstate the case in
the interest of justice.  However, Wilkins has not cited us any case law that
would support our reversal of the trial court on this basis, and we have found
none.  Wilkins also reminds us of the court=s duty to decide
cases on the merits.  See Tex. Employment Comm=n v. Stewart Oil
Co.,
267 S.W.2d 137, 138 (Tex. 1954).  We are cognizant of that duty, but we are
likewise well aware of our duty to uphold a trial court=s ruling made
within its discretion even when we might not have ruled in the same way.  See
Downer, 701 S.W.2d at 241B242.

Conclusion 

We hold that the trial court did not abuse its discretion,
and we overrule Wilkins=s issue.  The trial court=s judgment is
affirmed.

 

 

/s/      Jeffrey V. Brown

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.









[1]  After Wilkins amended her petition the first time to
omit her claims against Dr. McManemy and to add UT as a defendant, she also
filed a notice of nonsuit of her claims against Dr. McManemy.  After Wilkins
amended her petition the second time to omit her claims against Dr. Thurber,
the trial court signed an order granting Dr. Thurber=s motion to dismiss and dismissing the suit against
him with prejudice.  However, Wilkins recognizes that her claims against the
doctors were effectively dismissed when she filed the amended pleadings
omitting them as defendants.





[2]  Subsection 101.106(e) provides:  AIf a suit is filed under this chapter against both a
governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.@  Tex. Civ. Prac. & Rem. Code ' 101.106(e).





[3]  Notably, in explaining why the decision is critical,
the Villasan court states: A[i]f
the complaint alleges the government-employed medical professional negligently
exercised medical discretion, and does not fall within the limited waiver of
immunity under the [Tort Claims Act], it appears that under section 101.106 the
complaint should be made against the medical professional alone, and not the
governmental agency.@  Id. at 760.





[4]  The Franka court reasoned that, similarly, a
trial court also is not permitted to grant a plea to the jurisdiction if a fact
issue exists.  See Franka, 216 S.W.3d at 413 (citing Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227B28 (Tex. 2004)). 





[5]  Although the trial court did sign an order granting
Dr. Thurber=s motion to dismiss and dismissing Wilkins=s suit against him with prejudice, the order was
signed after Wilkins filed her second amended petition dropping the claims
against Dr. Thurber from the suit.  Therefore, the order is of no significance
because the claims against Dr. Thurber were already effectively dismissed from
the suit.  





[6]  Wilkins also cites the open courts provision of the
Texas Constitution for the proposition that the State of Texas guarantees to
her citizens both the right to seek judicial redress for wrongs done to them
and access to the state=s courts to seek that redress.  See Tex. Const.
art. I, ' 13.  However, this claim was not raised in the trial
court and is therefore waived.  See Sw. Elec. Power Co. v. Grant, 73
S.W.3d 211, 222 (Tex. 2002) (holding that a litigant must raise an open-courts
challenge in the trial court).  And, in any event, we find the cases she cites
on this issue distinguishable because they involved judges who caused the
parties to be dismissed, while here, Wilkins herself non-suited the claims against
the doctors.  See MJR Fin., Inc. v. Marshall, 840 S.W.2d 5, 10
(Tex. App.CDallas 1992, no writ) (holding that, in cases
involving factual disputes, due process requires that a party be allowed to
present evidence before a trial court may impose Adeath penalty@ sanctions); Turcotte v. Trevino, 499 S.W.2d
705, 723 (Tex. Civ. App.CCorpus Christi 1973, writ ref=d n.r.e.) (holding that trial court denied appellants
of due process when it denied them the opportunity to present evidence on issue
of estoppel before dismissing them from case).