NO. 07-10-0107-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B



 

OCTOBER
8, 2010

 



 

JIM JONES TRIGG, JR., Attorney in Fact For

MARY JANE TRIGG,  

 

                                                                                         Appellant

v.

 

PATTI T. MOORE, 

 

                                                                                         Appellee

___________________________

 

FROM THE 423RD DISTRICT COURT OF BASTROP
COUNTY;

 

NO. 423-500; HONORABLE CHRISTOPHER D.
DUGGAN, PRESIDING

 



 

Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Jim Jones Trigg, Jr., attorney in
fact for Mary Jane Trigg (Trigg), appeals the dismissal without prejudice of
his lawsuit against Patti T. Moore (Moore), his sister.  The order of dismissal was issued in response
to a motion for nonsuit filed by Trigg.  Before us, he contends that the judgment
should be reversed because 1) he never served notice on his opponent, 2) he had
an unfettered right to withdraw his nonsuit before
the trial court issued a written order dismissing the cause, and 3) the trial
court should have granted his request to reinstate the suit.  We affirm. 

            Background

            Trigg filed suit on March 24, 2009,
seeking to invalidate a deed from his mother to his sister.  Allegedly believing that the dispute was
settled, he filed, on May 22, 2009, a motion to nonsuit
the cause.  However, Trigg attempted to
move, on July 30, 2009, to withdraw the nonsuit.  The trial court convened a hearing on that
motion, orally denied it, and orally dismissed the proceeding.  The trial court then executed, on December 17,
2009, a written order memorializing the dismissal without prejudice.  Thereafter, Trigg timely moved for a new
trial and sought reinstatement of the suit. 
Upon convening a hearing on that motion, the trial court learned that a
second action involving the same parties and claims had been initiated by
Trigg.  It then denied the motion for new
trial.   

            Issues


            Regarding Trigg’s contentions that
the cause could not be dismissed because he never served the notice on opposing
counsel and he attempted to withdraw it before a written dismissal order was
executed, we say the following.  It has
long been the law that a motion for nonsuit is
effective the moment it is filed.  Travelers Ins. Co. v.
Joachim, 315 S.W.3d 860, 862 (Tex.
2010); University of Tex. Med. Branch at
Galveston v. Estate of Blackmon, 195 S.W.3d 98, 101 (Tex. 2006).  At that instant, the action is
extinguished.  Travelers Ins. Co. v. Joachim, 315 S.W.3d at 862.
 Only collateral matters or claims for
affirmative relief previously initiated by the opposing party and independent
of the plaintiff’s cause of action remain pending.  University
of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d at 100-01
(stating that plaintiff's right to nonsuit shall not
prejudice the right of an adverse party to be heard on pending claims for
affirmative relief, that the dismissal shall have no effect on any motion for
sanctions, attorney's fees, or other costs pending at the time of dismissal,
and that the claims for affirmative relief must allege a cause of action,
independent of the plaintiff's claim, on which the claimant could recover
compensation or relief); see also In re Greater Houston Orthopaedic
Specialists, Inc., 295 S.W.3d 323, 324-25 (Tex. 2009) (stating that “[g]ranting
a nonsuit is a ministerial act, and a plaintiff's
right to a nonsuit exists from the moment a written
motion is filed or an oral motion is made in open court, unless the defendant
has, prior to that time, sought affirmative relief”).  More importantly, the sole requirement for the case to be extinguished is filing the
motion with the court clerk.  Traveler’s Ins. Co. v.
Joachim, supra; University of Tex. Med. Branch at Galveston
v. Estate of Blackmon, supra.

            If the foregoing authority is to
remain the law, then we cannot but hold that it did not matter whether Trigg
served notice of his motion on his opponent or withdrew the notice before a
formal dismissal order was signed.  Again,
the sole requirement is filing the notice or motion with the clerk.   There
were no pending claims for affirmative relief initiated by Moore or collateral
issues before the court when Trigg filed his motion with the clerk.  Thus, all that remained to be done was for
the trial court to perform the ministerial act of memorializing the dismissal
via written order.[1]

            As for Trigg’s contention that “[i]n fact, the [dismissal] Order of the Court was never
based on any pleading submitted by Defendant or Plaintiff to dismiss . . . but
rather it was based on [the court’s] own motion and action . . . ,” we view the
utterance as disingenuous.  While a
motion may not be a pleading, it nonetheless was Trigg’s own motion to nonsuit that caused the proceeding to end.  The record contains no motion of the trial
court to dismiss or otherwise terminate litigation.  It simply acted upon that of Trigg.  To suggest otherwise is rather deceitful, not
good faith argument.  Nor does his
allegation that nonsuit was taken due to an erroneous
ruling of the trial court comport with the factual record.  Interestingly, neither Trigg nor his attorney
cited us to the supposed trial court ruling that forced them to take a nonsuit.  Nor did our
review of the record disclose any such decision.  While there sometimes may be a place for
aggressive advocacy, there is never a place for false accusation or contention,
and it seems that both appellant and his attorney crossed that border here.   

            As for Trigg’s supposition that he had
a “right to withdraw his motion for nonsuit” before
the trial court issued a written dismissal order, we note his failure to cite
any supporting authority.  Nor did our
search uncover any.  This may be because recognizing
such a right could render legal proceedings farcical.  See Chester
v. Texas Employers Ins. Ass’n, 265 S.W.2d 648, 650
(Tex. Civ. App.–Texarkana
1954, writ ref’d n.r.e), quoting Sanchez v. Atchison T. & S.F.R.
Co., 90 S.W. 689 (Tex. Civ. App. 1905, no writ) (stating that “[i]f a plaintiff can, as seemingly contended . . .  enter a nonsuit
whenever he may doubt his ability to obtain a verdict, and then on the mere
asking, without any further showing, have the cause reinstated, cases might be
tried an indefinite number of times, and the proceedings of courts rendered
farcical”).  It does not take much
imagination to see how a litigant could use an unfettered ability to dismiss
and reinstate to utterly disrupt discovery, a trial, or the orderly proceeding
of the cause in general.  Nor need one
think hard to envision how such power could vitiate the trial court’s authority
to manage its docket.  So, if any such
right is to be created, we will leave that for either the Supreme Court or
state legislature.

            This is not to say that
a plaintiff lacks options upon realizing the impropriety of nonsuiting
his action.  For instance, he has the
ability to move the court to reinstate the cause or for a new trial. See Harris
County Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex. App.–Houston [1st Dist.] 1994, no writ)
(wherein the motion to reinstate was filed before the trial court signed the
dismissal order).  More importantly,
obligating the litigant to so move conforms with the
procedure normally invoked when a cause has ended and a litigant does not like
what happened.   See Tex. R.
Civ. P. 320 (motion for new trial).  It also protects the trial court’s authority
to control the proceeding.  This is so
because the court has the discretion to permit reinstatement when
appropriate.  See Griffin v. Miles, 553
S.W.2d 933, 935 (Tex. Civ. App.–Houston [14th Dist.] 1977, writ dism’d)
(stating that whether to reinstate lies within the trial court’s sound
discretion); Chester v. Texas Employers
Ins. Ass’n, 265 S.W.2d at 651 (stating the
same).  And, this leads us to the
remaining issues raised by Trigg.

Reinstatement at bar was sought because Trigg’s
opponent allegedly breached a settlement agreement derived after suit was
filed.  Apparently, he dismissed his
complaint before completing settlement. 
While the record before us does mention something about an amicable
resolution of the dispute having been attempted, Trigg again failed to cite us
to an agreement that comports with Rule 11 of the Texas Rules of Civil
Procedure.  Nor did we uncover a written
agreement expressing the terms of a settlement, signed by counsel or the
litigants and filed of record or made in open court  purporting to dispose of the suit.  This is of import since a trial court does
not abuse its discretion by refusing to reinstate under the circumstances
before us.  See Watson v. Reserve Nat’l Ins. Co., 654 S.W.2d 569, 570 (Tex.
App.–Waco 1983, no writ)
(holding that the refusal to reinstate was not an abuse of discretion because
the alleged settlement agreement failed to comply with Rule 11); Griffin v. Miles, supra (holding the
same).  

            Finally, the trial court
noted that it did not want to waste time and resources trying a case where the nonsuit might be upheld on appeal.  Moreover, by the time Trigg’s motion for new
trial was heard, he had already begun another suit free of the potential
complications of a prior nonsuit.  These circumstances touch upon matters of
judicial economy which in turn is a factor that the trial court legitimately
could have considered in refusing to grant reinstatement.  

In sum, we overrule each issue and affirm the dismissal order
of the trial court.

 

                                                                        Brian
Quinn 

                                                                                    Chief
Justice           











[1]To
the extent Trigg suggests that a formal written order of dismissal is a
condition to the extinguishment of the action, he is mistaken.  That contention contradicts what the Supreme
Court has said throughout the years. 
Rather, a written order of dismissal is a mere formality memorializing
what already occurred and serves the purpose of triggering appellate deadlines
and the time period within which the trial court’s plenary jurisdiction begins
to end.  See University of Tex. Med. Branch at Galveston v. Estate of Blackmon,
195 S.W.3d 98, 100 (Tex. 2006) (recognizing that without a written order of nonsuit, the period of the court’s plenary power and the
appellate deadlines do not begin to run). 
And, while it is true that the trial court retains jurisdiction over the
action for certain matters, it cannot simply refuse to dismiss the cause and
treat it like any other on its docket.