

## NUMBER 13-10-00101-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**CHRISTOPHER BRAGLIA,**                                                                      **Appellant,**

**v.**

**KENNETH SHEA MIDDLETON,**                                                            **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant Christopher Braglia appeals a bench-trial judgment in favor of appellee Kenneth Shea Middleton. By three issues, Braglia argues that: (1) the trial court committed reversible error when it proceeded with a trial on the merits on Middleton's claims after Middleton withdrew a nonsuit the day of trial; (2) the trial court abused its

discretion when it denied Braglia's motion for new trial; and (3) the trial court erred in entering an award in favor of Middleton on his claims of quantum meruit, breach of contract, and promissory estoppel because the claims were not properly pled. We reverse and remand, in part, and affirm, in part.

## I. BACKGROUND

Braglia and Middleton entered into a verbal service agreement in which Braglia was to perform various concrete jobs at Middleton's home in Nueces County, Texas. Middleton was dissatisfied with Braglia's alleged substandard work, and on October 8, 2008, Middleton filed suit against Braglia for breach of contract and other causes, alleging that Braglia failed in his work and refused to repair and remedy various defects. On January 23, 2009, Braglia filed a handwritten, pro se original answer, in which he denied that he breached the agreement and further alleged that there was a balance due to him by Middleton related to work he performed under the contract. In the final paragraph of his answer, Braglia wrote the following:

> There will be a counter clame [sic] for the money owed from all projects and attorneys fees if attorney is hired.

On November 13, 2009, Middleton filed a notice of nonsuit with the trial court pursuant to Texas Rule of Civil Procedure 162. In the notice, Middleton informed the trial court that he "no longer [desired] to prosecute [his] suit against [Braglia]," and that Braglia did not have pleadings on file which sought affirmative relief. Middleton further requested that the trial court enter an order of dismissal, but an order was never signed. On the morning before the case was called, Middleton filed a withdrawal of nonsuit, after a discussion the previous day between Braglia and Middleton's counsel about how Braglia wished to proceed to trial with his counterclaim.

2

The trial court called the case on November 19, 2009, and Middleton appeared and announced ready. Braglia appeared pro se and orally requested a continuance because one of his witnesses was unavailable. Braglia also remarked that he did not have adequate time to find counsel. The trial court denied the continuance and moved forward with a bench trial on the merits for both claims. The trial court heard testimony and took evidence from Middleton and Braglia over two days. Much of Braglia's offered evidence was not admitted due to sustained procedural and evidentiary objections. Ultimately, on November 20, 2009, the trial court entered judgment for Middleton in the amount of $30,240.00, plus attorney's fees in the amount of $4,500.00.

Braglia later filed a motion for new trial claiming the evidence was factually and legally insufficient to sustain a verdict. He also claimed error by the trial court for not granting his motion for continuance. The motion for new trial was overruled by operation of law, and this appeal ensued.

## II. THE NONSUIT

Braglia's first issue requires that we determine whether the trial court committed reversible error when it moved forward with trial on Middleton's and Braglia's claims, one week after Middleton filed a notice of nonsuit and then withdrew it the day of trial.

### A. Standard of Review and Applicable Law

"At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the . . . non-suit shall be served . . . on any party who has answered or has been served with process without necessity of court order." TEX. R. CIV. P. 162; *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "A

3

party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain." *Travelers*, 315 S.W.3d at 862; *see Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam). "Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court . . . ." *In re Greater Houston Orthopaedic Specialists, Inc.*, 595 S.W.3d 323, 325 (Tex. 2009). A notice of nonsuit renders the merits of the non-suited case moot. *Travelers*, 315 S.W.3d at 862. The trial court retains jurisdiction to hear other collateral issues, such as motions for sanctions, any post-nonsuit motions, and any remaining counterclaims. *See id.* at 863; TEX. R. CIV. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk."). However, while a plaintiff's right to take a nonsuit can be denied only in limited situations, the granting of a motion to reinstate a non-suited claim—while the trial court retains its plenary power over the case—is solely within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of a clear abuse of discretion. *See Griffin v. Miles*, 553 S.W.2d 933, 935 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ dism'd).

## B. Analysis

Braglia argues that once Middleton voluntarily dismissed his case by nonsuit, he could not resurrect it through a unilateral motion to withdraw. Middleton counters, citing *Lentino v. First National Bank*, which holds that no authority requires a plaintiff to file a motion to reinstate or file a new lawsuit in order to reassert a previously non-suited claim.

4

*See* 159 S.W.3d 651, 654 (Tex. App.—Houston [14th Dist.] 2003, pet. dism'd). We decline to adopt the Houston Court's holding, but instead recognize that procedural devices are available to reverse a prior decision to nonsuit and resurrect the original claim, so long as the trial court has plenary power over the case. *See Trigg v. Moore*, 335 S.W.3d 243, 246 (Tex. App.—Amarillo 2010, pet. denied). For example, a plaintiff may reassert his claim by filing a motion for new trial, by filing a motion to reinstate or withdraw the nonsuit, or by agreement of the parties. *See* TEX. R. CIV. P. 320 (allowing the granting of a new trial); *Harris County Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 193 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (explaining that plaintiff used a motion to reinstate to withdraw his nonsuit); *Golodetz Trading Corp. v. Curland*, 886 S.W.2d 503, 504 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding that plaintiffs were allowed to make a motion to withdraw their nonsuit); *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 233 (Tex. App.—El Paso 1990, writ denied) (noting that the parties agreed to a withdrawal of nonsuit and reinstatement of claim). Each of these methods to reinstate remains within the trial court's sound discretion to grant or deny. *Trigg*, 335 S.W.3d at 246 (citing *Griffin v. Miles*, 553 S.W.2d 933, 935 (Tex. App.—Houston [14th Dist.] 1977, writ dism'd)). Another procedure for a plaintiff to reassert a previously non-suited claim is by commencement of another action de novo in a court of competent jurisdiction. *See U.S. Fid. & Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524 (Tex. App.—Beaumont 1980, no writ). In this case, Middleton used a motion to withdraw nonsuit[1] to reinstate his non-suited case against Braglia, and we conclude

---

[1] While labeled "Plaintiff's Withdrawal of Notice of Nonsuit," we read the substance of the pleading as a motion to withdraw the previously filed nonsuit. *See generally* TEX. R. CIV. P. 71 (addressing a misnomer of a pleading); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (holding that a court looks to the substance of a plea for relief, not merely the title, to determine the nature of a pleading).

5

that this was an appropriate procedure to revive the claim.

Accordingly, our review turns now to the issue of whether the trial court abused its discretion for allowing Middleton's withdrawal of nonsuit on the day of trial and proceeding with a bench trial on his reinstated case, thereby committing reversible error. The law presumes that a trial court will hear a case only after proper notice to the parties, and to rebut this presumption, a party has the burden to show a lack of notice either by affidavit or other competent evidence. *See Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ). Texas Rule of Civil Procedure 245 provides the following guidance:

> The Court may set contested cases on written request of any part, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

TEX. R. CIV. P. 245. In this case, the record shows that Middleton filed his nonsuit six days prior to the trial setting, was allowed to reinstate his claims hours before trial, and presented evidence later that day. This chain of events satisfies Braglia's burden to show that he lacked proper notice to defend against Middleton's lawsuit. *See Bruneio*, 890 S.W.2d at 155. The record also shows that up until the day of trial, Braglia was under the impression that Middleton did not wish to prosecute his original causes of action. As a result, the trial court abused its discretion in allowing reinstatement hours before the setting and moving forward with the trial on Middleton's claims the same day because the trial court should have given Braglia reasonable notice of a new setting in light of the withdrawal of nonsuit filed just hours before. *See* TEX. R. CIV. P. 245.

Middleton asserts that despite the lack-of-notice error, Braglia nonetheless

6

waived his complaint on appeal for not specifically objecting to the trial court's decision to move forward. Our reading of the record shows Braglia expressed with enough specificity to the trial court that he was unprepared to defend against Middleton's lawsuit, sought an oral continuance or reset, which was denied, and at one point remarked to the trial court that the last-minute withdrawal of nonsuit was a "180-degree" turnaround of which he had little or no notice. We conclude that Braglia sufficiently preserved error on appeal.[2] Lack of notice—absent a waiver—constitutes a lack of due process and is grounds for reversal. *See Custom-Crete, Inc. v. K-Bar Servs.*, 82 S.W.3d 655, 658–59 (Tex. App.—San Antonio 2002, no pet.). Here, we conclude that Braglia lacked notice and consequently lacked due process. Braglia's first issue is sustained.

### III. MOTION FOR NEW TRIAL

In his second issue, Braglia contends that the trial court abused its discretion in denying Braglia's motion for new trial.

#### A. Analysis

Braglia argues that the improper disposition of Middleton's nonsuit and subsequent withdrawal of nonsuit amounted to sufficient grounds for a new trial on fairness grounds because he was not prepared to defend against Middleton's claims. *See* TEX. R. CIV. P. 1. We disagree. "A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of

---

[2] First, in order to preserve error, the complaint must be made to the trial court by a timely request, objection, or motion that is sufficiently specific to make the trial court aware of the complaint, "unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1. Second, the trial court must rule on the request, objection, or motion either expressly or implicitly. *Id.* If a ruling is unexpressed, in order to be implicit, it must be capable of being understood from something else. *See id.* 33.1(a)(2)(A); *See Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.). Here, the trial court moved forward with Middleton's causes of action, in an implicit ruling, despite Braglia's complaints on the record of undue surprise and lack of proper notice.

7

a showing of an abuse of discretion." *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

Two separate and distinct claims are involved in the underlying case. The first was Middleton's initial non-suited, then reinstated, claims alleged in his original petition; and second was Braglia's apparent counterclaim for money owed for work performed under the contract at issue. As held previously in this opinion, the trial court committed reversible error for proceeding with Middleton's claims, and for purposes of this analysis, we will assume—but not decide—that Braglia's counterclaim was sufficiently pled and properly before the trial court. At all relevant times following the filing of his original answer and counterclaim, Braglia had opportunities to develop his specific counterclaim through investigation, discovery, and preparation for the November 19, 2009 trial setting, but chose not to do so. Additionally, the fact that Braglia was pro se throughout the entire case does not alter our analysis on this issue as pro se litigants are held to the same standards as licensed attorneys. *See Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied).

Braglia urges that a new trial is required in the interests of justice and fairness on his counterclaim. Again, we disagree. The record shows that the trial court's decision to move forward specifically with Braglia's case gave him a full opportunity to present his asserted counterclaim and move the case off the trial court's docket. The trial court: (1) properly gave Braglia the requested opportunity to present his counterclaim before the trial court; (2) was not persuaded by his evidence presented; and (3) awarded him nothing. Accordingly, we conclude that the trial court did not abuse its discretion when

8

it denied Braglia's motion for new trial.   Braglia's second issue is overruled.[3]

## IV.   MIDDLETON'S THEORIES OF RECOVERY

We have already sustained Braglia's first issue.   Accordingly, because the resolution of Bragalia's third issue in his favor would not entitle him to any further or greater relief than what we have awarded in sustaining his first issue, we decline to address Braglia's third issue.   *See* TEX. R. APP. P. 47.1.

## V.   CONCLUSION

Accordingly, we reverse the trial court's judgment in favor of Middleton's causes of action and remand in part for a new trial on those claims. We affirm the remaining part of the judgment, including the trial court's denial of Braglia's motion for new trial as to his alleged counterclaim.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of March, 2012.

---

[3] We note that our holding does not preclude Braglia from asserting any defenses against Middleton's remanded claims, nor does it prohibit Braglia's opportunity to bring other counterclaims, if any.

9