NO. 07-10-0107-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2010

_____

JIM JONES TRIGG, JR., Attorney in Fact For
MARY JANE TRIGG,

                                                            Appellant
                            v.

PATTI T. MOORE,

                                                            Appellee

_____

FROM THE 423RD DISTRICT COURT OF BASTROP COUNTY;

NO. 423-500; HONORABLE CHRISTOPHER D. DUGGAN, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jim Jones Trigg, Jr., attorney in fact for Mary Jane Trigg (Trigg), appeals the

dismissal without prejudice of his lawsuit against Patti T. Moore (Moore), his sister. The

order of dismissal was issued in response to a motion for nonsuit filed by Trigg. Before

us, he contends that the judgment should be reversed because 1) he never served

notice on his opponent, 2) he had an unfettered right to withdraw his nonsuit before the

trial court issued a written order dismissing the cause, and 3) the trial court should have granted his request to reinstate the suit. We affirm.

*Background*

Trigg filed suit on March 24, 2009, seeking to invalidate a deed from his mother to his sister. Allegedly believing that the dispute was settled, he filed, on May 22, 2009, a motion to nonsuit the cause. However, Trigg attempted to move, on July 30, 2009, to withdraw the nonsuit. The trial court convened a hearing on that motion, orally denied it, and orally dismissed the proceeding. The trial court then executed, on December 17, 2009, a written order memorializing the dismissal without prejudice. Thereafter, Trigg timely moved for a new trial and sought reinstatement of the suit. Upon convening a hearing on that motion, the trial court learned that a second action involving the same parties and claims had been initiated by Trigg. It then denied the motion for new trial.

*Issues*

Regarding Trigg's contentions that the cause could not be dismissed because he never served the notice on opposing counsel and he attempted to withdraw it before a written dismissal order was executed, we say the following. It has long been the law that a motion for nonsuit is effective the moment it is filed. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006). At that instant, the action is extinguished. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d at 862. Only collateral matters or claims for affirmative relief previously initiated by the opposing party and independent of the plaintiff's cause of action remain pending. *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d at 100-01 (stating

2

that plaintiff's right to nonsuit shall not prejudice the right of an adverse party to be heard on pending claims for affirmative relief, that the dismissal shall have no effect on any motion for sanctions, attorney's fees, or other costs pending at the time of dismissal, and that the claims for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief); *see also In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 324-25 (Tex. 2009) (stating that "[g]ranting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief"). More importantly, the *sole* requirement for the case to be extinguished is filing the motion with the court clerk. *Traveler's Ins. Co. v. Joachim*, *supra*; *University of Tex. Med. Branch at Galveston v. Estate of Blackmon, supra*.

If the foregoing authority is to remain the law, then we cannot but hold that it did not matter whether Trigg served notice of his motion on his opponent or withdrew the notice before a formal dismissal order was signed. Again, the sole requirement is filing the notice or motion with the clerk. There were no pending claims for affirmative relief initiated by Moore or collateral issues before the court when Trigg filed his motion with the clerk. Thus, all that remained to be done was for the trial court to perform the ministerial act of memorializing the dismissal via written order.[1]

---

[1]To the extent Trigg suggests that a formal written order of dismissal is a condition to the extinguishment of the action, he is mistaken. That contention contradicts what the Supreme Court has said throughout the years. Rather, a written order of dismissal is a mere formality memorializing what already occurred and serves the purpose of triggering appellate deadlines and the time period within which the trial court's plenary jurisdiction begins to end. *See University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (recognizing that without a written order of nonsuit, the period of the court's plenary power and the appellate deadlines do not begin to run). And,

3

As for Trigg's contention that "[i]n fact, the [dismissal] Order of the Court was never based on any pleading submitted by Defendant or Plaintiff to dismiss . . . but rather it was based on [the court's] own motion and action . . . ," we view the utterance as disingenuous. While a motion may not be a pleading, it nonetheless was Trigg's own motion to nonsuit that caused the proceeding to end. The record contains no motion of the trial court to dismiss or otherwise terminate litigation. It simply acted upon that of Trigg. To suggest otherwise is rather deceitful, not good faith argument. Nor does his allegation that nonsuit was taken due to an erroneous ruling of the trial court comport with the factual record. Interestingly, neither Trigg nor his attorney cited us to the supposed trial court ruling that forced them to take a nonsuit. Nor did our review of the record disclose any such decision. While there sometimes may be a place for aggressive advocacy, there is never a place for false accusation or contention, and it seems that both appellant and his attorney crossed that border here.

As for Trigg's supposition that he had a "right to withdraw his motion for nonsuit" before the trial court issued a written dismissal order, we note his failure to cite any supporting authority. Nor did our search uncover any. This may be because recognizing such a right could render legal proceedings farcical. *See Chester v. Texas Employers Ins. Ass'n*, 265 S.W.2d 648, 650 (Tex. Civ. App.–Texarkana 1954, writ ref'd n.r.e), *quoting Sanchez v. Atchison T. & S.F.R. Co.*, 90 S.W. 689 (Tex. Civ. App. 1905, no writ) (stating that "[i]f a plaintiff can, as seemingly contended . . . enter a nonsuit

---

while it is true that the trial court retains jurisdiction over the action for certain matters, it cannot simply refuse to dismiss the cause and treat it like any other on its docket.

whenever he may doubt his ability to obtain a verdict, and then on the mere asking, without any further showing, have the cause reinstated, cases might be tried an indefinite number of times, and the proceedings of courts rendered farcical").  It does not take much imagination to see how a litigant could use an unfettered ability to dismiss and reinstate to utterly disrupt discovery, a trial, or the orderly proceeding of the cause in general.  Nor need one think hard to envision how such power could vitiate the trial court's authority to manage its docket.  So, if any such right is to be created, we will leave that for either the Supreme Court or state legislature.

This is not to say that a plaintiff lacks options upon realizing the impropriety of nonsuiting his action.  For instance, he has the ability to move the court to reinstate the cause or for a new trial. S*ee Harris County Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.–Houston [1st Dist.] 1994, no writ) (wherein the motion to reinstate was filed before the trial court signed the dismissal order).  More importantly, obligating the litigant to so move conforms with the procedure normally invoked when a cause has ended and a litigant does not like what happened.   S*ee* TEX. R. CIV. P. 320 (motion for new trial).  It also protects the trial court's authority to control the proceeding.  This is so because the court has the discretion to permit reinstatement when appropriate.  *See Griffin v. Miles*, 553 S.W.2d 933, 935 (Tex. Civ. App.–Houston [14th Dist.] 1977, writ dism'd) (stating that whether to reinstate lies within the trial court's sound discretion); *Chester v. Texas Employers Ins. Ass'n*, 265 S.W.2d at 651 (stating the same).  And, this leads us to the remaining issues raised by Trigg.

Reinstatement at bar was sought because Trigg's opponent allegedly breached a settlement agreement derived after suit was filed.   Apparently,  he dismissed his

complaint before completing settlement. While the record before us does mention something about an amicable resolution of the dispute having been attempted, Trigg again failed to cite us to an agreement that comports with Rule 11 of the Texas Rules of Civil Procedure. Nor did we uncover a written agreement expressing the terms of a settlement, signed by counsel or the litigants and filed of record or made in open court purporting to dispose of the suit. This is of import since a trial court does not abuse its discretion by refusing to reinstate under the circumstances before us. *See Watson v. Reserve Nat'l Ins. Co.*, 654 S.W.2d 569, 570 (Tex. App.–Waco 1983, no writ) (holding that the refusal to reinstate was not an abuse of discretion because the alleged settlement agreement failed to comply with Rule 11); *Griffin v. Miles, supra* (holding the same).

Finally, the trial court noted that it did not want to waste time and resources trying a case where the nonsuit might be upheld on appeal. Moreover, by the time Trigg's motion for new trial was heard, he had already begun another suit free of the potential complications of a prior nonsuit. These circumstances touch upon matters of judicial economy which in turn is a factor that the trial court legitimately could have considered in refusing to grant reinstatement.

In sum, we overrule each issue and affirm the dismissal order of the trial court.


Brian Quinn
Chief Justice


6