# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00174-CV

**Levi Morin, Appellant**

**v.**

**Law Office of Kleinhans Gruber, PLLC, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-14-003874, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Levi Morin appeals the trial court's denial of his motion to dismiss a defamation suit by Law Office of Kleinhans Gruber, PLLC under the Texas Citizens Participation Act. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011. Because we conclude that the trial court did not abuse its discretion by finding that Morin did not have good cause to set a hearing more than sixty days after he filed his motion to dismiss, we will affirm the denial of the motion.

### Procedural history

Morin was a client of the firm and grew disenchanted with its performance. He expressed his dissatisfaction in a review on a website that compiles information and customer reviews about businesses. The firm sued Morin for defamation and the following chronology of events occurred:

| Sep 24, 2014 | Firm files its original petition |
| --- | --- |
| Sep 30, 2014 | Morin receives service |
| Dec 1, 2014 | Morin files/serves motion to dismiss under the TCPA without exhibits |
| Dec 3, 2014 | Morin files/serves motion to dismiss under the TCPA with exhibits |
| Dec 22, 2014 | Firm files notice of nonsuit |
| Feb 13, 2015 | Morin sends notice of hearing on motion to dismiss[1] |
| Feb 17-Mar 4 2015 | Firm files several documents responding to and attacking Morin's motion to dismiss, including a "Conditional Notice of Withdraw [sic] of Notice of Nonsuit" |
| Feb 26, 2015 | Court postpones hearing on motion to dismiss due to a scheduling conflict on the court's docket |
| Mar 5, 2015 | Trial court hears motion to dismiss |
| Mar 25, 2015 | Trial court signs amended order denying the motion to dismiss |

When denying the motion to dismiss, the trial court made several findings, including that Morin did not set the hearing timely.

## Summary of the Texas Citizens Participation Act

The stated purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injuries." Tex. Civ. Prac. & Rem. Code § 27.002; *Wakefield v. British Med. Journal Publ'g Grp., Ltd.*, 449 S.W.3d 172, 177 n.3 (Tex. App.—Austin 2014, no pet.). The statute has a series of fairly tight deadlines to allow a party to obtain early dismissal of certain causes of action. *Wakefield*, 449 S.W.3d at 177 n.3. If a party is the subject of a "legal action" that is "based on, relates to, or is in response to the party's exercise of the right of free speech" or other listed rights, that party may seek relief under the TCPA by filing a motion

---

[1] Morin asserts in his brief that he sent notice on "a Friday" and did not dispute the assertion in the firm's motions below and brief here that the Friday he sent it was February 13, 2015.

2

to dismiss no later than the sixtieth day after the action was served. Tex. Civ. Prac. & Rem. Code § 27.003(a), (b). The court may extend this time upon a showing of good cause. *Id.* § 27.003(b). Filing a TCPA-based motion to dismiss stays discovery. *Id.* § 27.003(c). A hearing on the motion must be set not later than the sixtieth day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but "in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c)." *Id.* § 27.004(a). If the court allows discovery under section 27.006(b), the court "may extend" the period for holding a hearing up to 120 days after the service of the motion. *Id.* § 27.004(c). The court can allow specified and limited discovery on a showing of good cause. *Id.* § 27.006(b).

## Discussion

Before reaching the merits, we will address whether we have jurisdiction over an appeal of the denial of a motion to dismiss claims that have been nonsuited as well as the effect of a purported conditional withdrawal of the nonsuit. A voluntary nonsuit extinguishes a case immediately upon being filed and renders the merits of the action moot. *See* Tex. R. Civ. P. 162; *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). One party's nonsuit does not affect the opposing party's pending claims for attorney's fees. Tex. R. Civ. P. 162; *Blackmon*, 195 S.W.3d at 100. The nonsuit does not prevent the court from holding a hearing on the nonmovant's claims before signing an order memorializing the dismissal through nonsuit. *Blackmon*, 195 S.W.3d at 101. In his motion to dismiss, which was filed before the nonsuit, Morin sought attorney's fees under a TCPA provision that requires trial courts

3

to award attorney's fees to parties whose motions to dismiss are granted. *See* Tex. Civ. Prac. &

Rem. Code § 27.009(a)(1). We conclude that we have jurisdiction over the appeal of the trial court's

denial of the motion to dismiss under the TCPA.

Among the bases of the trial-court order that Morin challenges is this finding: "Morin

did not set the hearing on his motion to dismiss within 60 days after service of the motion, and did

not meet any of the exceptions indicating the hearing can be set later than the 60th day." Morin sent

notice of the hearing on February 13, 2015, which was seventy-four days after the motion to dismiss

and seventy-two days after the amended motion to dismiss. On the eighty-seventh day after the

original motion was filed, the trial court made the following statement on the record:

> ... I'm calling the case today, you're set for this morning, unfortunately I have a jury
> trial that's ongoing, so I am going to have to recess this case for a week and I'll have
> you back here on March 5th, a week from today, March 5th, 2015, at 2:00 p.m. in the
> afternoon. And Court will continue with the case at that time.

The trial court heard the motion to dismiss on March 5, 2015, ninety-four days after the original

motion was served and ninety-two days after the amended motion to dismiss was served.

Morin contends that the trial court should have found that he had good cause for

setting[2] the hearing more than sixty days after the motion was served. He asserts that he delayed

setting the hearing to resolve disputes arising from the firm's insistence that he provide discovery,

even though discovery is suspended by the filing of a TCPA-based motion to dismiss absent

---

[2] The Fort Worth court held that the word "setting" applied to the sending of notice of the hearing, not the holding of the hearing or consideration of the motion. *See In re Lipsky*, 411 S.W.3d 530, 540-41 (Tex. App.—Fort Worth, orig. proc.) (interpreting previous version of statute with same language but different deadlines).

4

permission from the court. *See id.* §§ 27.003(a), (c), .006(b). He asserts that his attempts to resolve these disputes amicably provided sufficient good cause to grant the extension.[3]

We assess for an abuse of discretion the trial court's finding that Morin did not show good cause for an extension of the hearing-setting period to ninety days. *Cf. BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (reviewing denial of motion for continuance for a clear abuse of discretion). In assessing "good cause" in other contexts, the supreme court held that "[g]ood cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005). A trial court "abuses its discretion when it reaches a decision

---

[3] It is not clear from the record before us how Morin preserved the good-cause issue for review by presenting it to the trial court. *See* Tex. R. App. P. 33.1(a). The El Paso court held that the preservation requirement applied to a finding of good cause relating to a different section of the TCPA that permits late filing of a motion to dismiss. *See Miller Weisbrod, L.L.P. v. Llamas-Soforo*, No. 08-12-00278-CV, 2014 WL 6679122 at *12 (Tex. App.—El Paso Nov. 25, 2014, no pet.). Morin did not set the hearing during the basic sixty-day period and there is no motion for extension of time to set the hearing in the clerk's record. The trial court found on February 26, 2015, that its conduct of a trial required a delay of the hearing, but that was already beyond the sixty-day period. However, the trial court did make an express finding that Morin did not show good cause for the late hearing, so the issue may have been presented to the trial court by means not apparent in the record before us.

We also note that, even if Morin were correct on the good-cause issue, the effect is unclear because the hearing was not held within the ninety-day period that a good-cause extension warrants. The statute provides that hearings can be held more than ninety days after the motion is served only with court permission when the court allows discovery under Texas Civil Practice and Remedies Code section 27.006(b). *Id.* § 27.003(c). No order permitting discovery or extension on that basis is in the record before us. The trial court did find that its docket conditions prohibited a hearing on February 26, 2015, but docket conditions provide good cause for an extension of time for a hearing only through the ninetieth day after the motion was served. *See id.* § 27.003(a), (b). However, the trial court did not make any finding regarding the fact that the hearing on the merits occurred more than ninety days after the motion was served.

5

so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Marchand*, 83 S.W.3d at 800.

The record reveals no abuse of discretion in the trial court's denial of Morin's claim of good cause. The firm's nonsuit of its claims on December 22 immediately extinguished those claims. *See* Tex. R. Civ. P. 162; *Polansky v. Berenji*, 393 S.W.3d 362, 366-67 (Tex. App.—Austin 2012, no pet.) (citing *Blackmon*, 195 S.W.3d at 100).[4] Discovery was statutorily suspended by the filing of the motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code § 27.003(c). The sixtieth day after service of the original motion to dismiss was January 30, 2015. Based on the record before us, the only affirmative claim for relief pending after December 22, 2014 was Morin's claim for attorney's fees. Given the tight deadlines of the TCPA process, *see id.* §§ 27.003-.008, the trial court might reasonably have determined that, however well-intentioned, attempts to resolve discovery disputes concerning claims that are no longer pending and on which discovery is statutorily suspended did not provide good cause for an extension of time to set a hearing on a motion to dismiss those abandoned claims. We cannot say that the trial court abused its discretion by finding that Morin did not show good cause to extend the hearing-setting period.

The question remains whether Morin's failure to set the hearing timely is sufficient to support the denial of the motion to dismiss. Setting the hearing is the second step in the dismissal

---

[4] We find no support in the rules of procedure, the statutes, or case law for the proposition that a plaintiff can unilaterally withdraw its notice of nonsuit. Texas law has long been the contrary. *See Sanchez v. Atchison T. & S.F.Ry. Co.*, 90 S.W. 689, 690 (Tex. Civ. App. 1905, no writ) (stating that "[i]f a plaintiff can, as seemingly contended . . . enter a nonsuit whenever he may doubt his ability to obtain a verdict, and then on the mere asking, without any further showing, have the cause reinstated, cases might be tried an indefinite number of times, and the proceedings of courts rendered farcical"); *see also Trigg v. Moore*, 335 S.W.3d 243, 246 (Tex. App.—Amarillo 2010, pet. denied).

process, and the TCPA dictates compliance with the time periods in mandatory terms at each step. *See id.* § 27.004 (setting and holding hearing); *see also id.* §§ 27.003 (filing motion), .005 (ruling), .007 (making additional findings), .008 (failure to rule timely results in denial by operation of law). Generally, statutes that use words like "shall" or "must" are construed as mandatory. *TJFA, L.P. v. Texas Comm'n on Envtl. Quality*, 368 S.W.3d 727, 734 (Tex. App.—Austin 2012, pet. denied). Such language has sometimes been construed as directory, however. *Id.* There is no absolute test for whether a requirement is mandatory or directory. *Id.* Statutory provisions that are included for the purpose of promoting the proper, orderly and prompt conduct of business are not usually construed as mandatory, particularly if the failure to comply will not prejudice the rights of interested parties and the statute lacks any constraint on performing the directed action after the specified period. *Id.* We must look to the purpose of the requirement in the context of the entire statute. *Id.*

We conclude that the requirement that the hearing be set within the specified time is mandatory. While there is no specific penalty set out for failure to set the hearing timely, the multiple deadlines demonstrate the legislature's intent that these motions be resolved expeditiously. *See* Tex. Civ. Prac. & Rem. Code § 27.003-.008. While there is no express consequence for the failure to timely set and hold a hearing, the statute provides that "in no event shall the hearing occur more than 90 days after the service of the motion" absent court-ordered discovery that did not occur in this case. *See* Tex. Civ. Prac. & Rem. Code § 27.004(a), (b). The court has only thirty days after the hearing in which to rule, after which the motion is denied by operation of law and is appealable. *See id.* § 27.005(a), .008(a). If there were no consequence for failure to comply with these deadlines, the time limits would be meaningless and the goal of ensuring expeditious resolution would be

7

thwarted. Meaningless deadlines for setting hearings, coupled with the automatic suspension of discovery while the motion remains pending, could invite gamesmanship aimed at avoiding discovery.[5] Viewing the TCPA as a whole, we conclude that the hearing-setting deadline is mandatory and that failure to comply with it and a failure to show good cause for that noncompliance are a proper basis for denial of a motion to dismiss.

## Conclusion

We conclude from the record before us that the trial court did not abuse its discretion by finding that Morin did not timely set the hearing and did not show good cause for that failure. We affirm the denial of Morin's motion to dismiss.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 21, 2015

_____

[5] This is an observation of hypothetical discovery abuse and is not a finding or intimation concerning conduct in this case.

8