# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00340-CV

**DHJB Development, LLC, Appellant**

**v.**

**Patricia Lux Graham and Terrell Graham, Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C2015-0212C, HONORABLE GARY L. STEELE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant DHJB Development, LLC, challenges the trial court's order dismissing without prejudice claims brought by appellees Patricia Lux Graham and Terrell Graham after the Grahams filed an amended notice of nonsuit. *See* Tex. R. Civ. P. 162 ("Dismissal or Non-suit"). We conclude that because the Grahams had previously filed a notice of nonsuit with prejudice that had not been withdrawn, the Grahams' amended nonsuit without prejudice was of no effect. Consequently, we will reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

The relevant procedural facts in this appeal are undisputed. The underlying suit was filed in February 2015 by DHJB and sought to enjoin operation of a dam built by the Grahams downstream from DHJB's property. According to DHJB, it decided to nonsuit its claims after a local

municipal utility district brought a condemnation action against the Grahams, which in DHJB's view would effectively prevent the Grahams from repairing or rebuilding the dam. Consequently, DHJB filed a notice of nonsuit of its claims in July 2015. Soon after, the Grahams amended their answer and asserted counterclaims against DHJB.

More than a year later, on September 23, 2016, the parties filed a Rule 11 settlement agreement that required DHJB to pay fees and costs claimed by the Grahams and, conversely, required the Grahams to dismiss *without* prejudice all of their claims. On September 26, 2016, the Grahams filed "counterclaimants' notice of non-suit" of their claims against DHJB *with* prejudice. Although no other claims or matters remained pending at the time, no order of dismissal was signed by the trial court. Instead, the suit remained pending for sixteen months with no additional filings or actions taken by either party. On February 9, 2018, the Grahams filed an amended notice of nonsuit of their claims *without* prejudice. The trial court signed an order in accordance with the amended nonsuit, dismissing the Grahams' claims without prejudice.

DHJB timely filed a motion to modify, correct, or reform the trial court's dismissal order, asserting that the trial court should not have considered the Grahams' February 2018 amended notice of nonsuit and that the trial court was instead required to dismiss the Grahams' claims with prejudice, in accordance with their September 2016 nonsuit. At the hearing on DHJB's motion, the Grahams' attorney explained that the Grahams had filed the amended notice of nonsuit in February 2018 for the sole purpose of correcting an error discovered in their September 2016 notice of nonsuit. More specifically, the Grahams' attorney informed the court that the September 2016 nonsuit was filed pursuant to the Rule 11 settlement agreement, filed with the district clerk, which expressly required the Grahams to dismiss their suit without prejudice, and the September 2016

notice of nonsuit was in error to the extent it stated that the Grahams intended to nonsuit their claims with prejudice.

In response, DHJB did not dispute that the parties' Rule 11 agreement required the Grahams to voluntarily dismiss their claims without prejudice. Instead, DHJB asserted, as it does now on appeal, that the trial court lacked any authority to nonsuit the case without prejudice once the September 2016 nonsuit with prejudice was filed, notwithstanding the fact that it was filed in error. The trial court denied DHJB's motion.

## DISCUSSION

The procedural issue presented in this case is whether a litigant may modify his previously filed nonsuit before a final order has been signed by the trial court. As explained below, neither party's position on this issue is entirely correct.

Under Rule 162 of the Texas Rules of Civil Procedure, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may . . . take a non-suit, which shall be entered in the minutes." Tex. R. Civ. P. 162. A party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) ("After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after nonsuit, as well as jurisdiction over any remaining counterclaims."); *see* Tex. R. Civ. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim . . . . A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at

3

the time of dismissal, as determined by the court."). A nonsuit "extinguishes a case or controversy from the 'moment the motion is filed' or an oral motion is made in open court; the only requirement is 'the mere filing of the motion with the clerk of the court.'" *Joachim*, 315 S.W.3d at 862 (quoting *University of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)). Although a nonsuit is effective immediately on filing, it is the trial court's signing of an order dismissing a case, and not the party's filing of the nonsuit, that triggers appellate deadlines and the running of the trial court's plenary jurisdiction. *Blackmon*, 195 S.W.3d at 100 (citing *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam); *see* Tex. R. Civ. P. 329b.

In one issue on appeal, DHJB contends that the trial court erred in dismissing the Grahams' claims without prejudice. As previously discussed, although the Grahams had filed a notice of nonsuit in September 2016, no order of dismissal had been signed by the trial court when the Grahams filed their amended notice of nonsuit in February 2018. As a result, there can be no dispute that the trial court had plenary jurisdiction over the dispute when it signed the order dismissing the Grahams' claims without prejudice, and DHJB does not contend otherwise. *See Blackmon*, 195 S.W.3d at 100; *see also* Tex. R. Civ. P. 329b. Instead, DHJB asserts that the trial court was without any authority to act on the Grahams' amended nonsuit in February 2018, regardless of the reason for the amendment, because the Grahams' claims had been extinguished by the September 2016 nonsuit with prejudice. Because the Grahams' nonsuited claims were never reinstated, we agree.

A nonsuit is effective when filed, and consequently, a litigant may not unilaterally withdraw its nonsuit, even before a dismissal order has been signed. *Trigg v. Moore*, 335 S.W.3d 243,

4

246 (Tex. App.—Amarillo 2010, pet. denied) (explaining that recognition of unqualified right of party to withdraw its nonsuit "could render legal proceedings farcical"). "This is not to say that a plaintiff lacks options upon realizing the impropriety of nonsuiting his action." *Id.* There are several procedural devices available to a litigant seeking to set aside his nonsuit, so long as the trial court has plenary jurisdiction over the case. *Id.*; *Trimble v. Financial Freedom Senior Funding Corp.*, No. 01-15-00851-CV, 2016 WL 7368059, at *2 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.). For example, a plaintiff may revive his nonsuited claims by filing a motion for new trial, by filing a motion to reinstate or a motion to withdraw the nonsuit, or by agreement of the parties. *Braglia v. Middleton*, No. 13-10-00101-CV, 2012 WL 664947, at *2 (Tex. App.—Corpus Christi Mar. 1, 2012, no pet.) (mem. op.); *see Gonzalez v. Gonzalez*, No. 05-14-01361-CV, 2015 WL 9481239, at *2 (Tex. App.—Dallas Dec. 29, 2015, pet. denied) (mem. op.) (noting that orally nonsuited claims were reinstated when nonsuit was result of misstatement by counsel and opposing party stated it did not oppose reinstatement); *Hoskins v. Gulf Stream Coach, Inc.,* No. 14-11-00703-CV, 2012 WL 2394055, at *4 (Tex. App.—Houston [14th Dist.] June 26, 2012, no pet.) (mem. op.) ("Upon realizing the impropriety of a nonsuit, however, a plaintiff may move to reinstate the cause or for a new trial."); *Brown v. Linnen*, No. 05-94-01298-CV, 1995 WL 447577, at *1 (Tex. App.—Dallas July 26,1995, no writ) (op., not designated for publication) ("The plaintiff may seek reinstatement of the cause [after nonsuit] by filing a motion to reinstate within the thirty-day plenary period.").

The Grahams were required to take some action to revive their previously nonsuited claims before the trial court could act on their amended notice of nonsuit.[1] Otherwise, there was

---

[1] Requiring a litigant to move for reinstatement "conforms with the procedure normally invoked when a cause of action has ended" and "protects the trial court's authority to control the

no claim or controversy pending for the Grahams to nonsuit in February 2018. *See Joachim*, 315 S.W.3d at 862. Nothing in the record indicates that DHJB agreed to a withdrawal of the Grahams' September 2016 nonsuit or that the Grahams ever filed a motion to reinstate their claims or to withdraw their nonsuit. The February 2018 amended notice of nonsuit, in effect, constitutes an impermissible attempt by the Grahams to unilaterally withdraw their September 2016 nonsuit and simultaneously substitute a revised nonsuit. *See Trigg*, 335 S.W.3d at 246.

Because the Grahams' claims had already been extinguished and remained unrevived at the time the Grahams filed their amended notice of nonsuit, the trial court erred in considering the Grahams' amended nonsuit and in dismissing their claims without prejudice.[2]

## CONCLUSION

Having concluded that the trial court erred in signing an order dismissing the appellees' claims without prejudice, we reverse the trial court's dismissal order and remand the cause to the trial court for further proceedings.[3]

---

proceeding." *Trigg v. Moore*, 335 S.W.3d 243, 246 (Tex. App.—Amarillo 2010, pet. denied) (citing Tex. R. Civ. P. 320 (motion for new trial)). Whether to grant a motion to reinstate lies within the sound discretion of the trial court. *Id.*; *see Davis v. State Farm Lloyds Tex.*, No. 03-16-00091-CV, 2016 WL 6833103, at *3 (Tex. App.—Austin Nov. 17, 2016, pet. denied) (mem. op.) (concluding that trial court did not abuse discretion in denying plaintiff's motion to reinstate nonsuited claims).

[2] DHJB also argues that the order of dismissal without prejudice was improper because it was signed by the trial court four days before the Grahams filed their amended notice of nonsuit with the district clerk. Because we conclude that the order was improper for another reason, we will not consider the parties' arguments on this timing issue. *See* Tex. R. App. P. 47.1.

[3] In its appellate brief, DHJB requests that we reverse the district court's judgment and render judgment dismissing the Grahams' counterclaims with prejudice. Because it would deprive the Grahams of any opportunity to correct what all parties acknowledge was an error, we decline to render judgment and will instead remand the case to the trial court. *See* Tex. R. App. P. 43.3(b).

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Reversed and Remanded

Filed:  November 7, 2018

---

On remand, the Grahams may file a motion to reinstate or a motion to withdraw their September 2016 nonsuit and file a corrected notice of nonsuit.