

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00191-CV
_____

AMANDA ADAMS, APPELLANT

V.

ALLEN BUTLER CONSTRUCTION, INC., APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-1035, Honorable Les Hatch, Presiding

May 5, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Amanda Adams, appearing pro se, appeals from the trial court's *Order Awarding Attorneys' Fees & Dismissing Case.*  Adams challenges the trial court's order through several appellate issues.  We affirm.

### BACKGROUND

The underlying proceedings involved an employment dispute in which Adams accused Allen Butler Construction, Inc. (ABCI) of disability discrimination, retaliation,

breach of contract, and unjust enrichment. Several discovery disputes occurred over the life of the case, leading the court to enter an order, after a hearing, granting ABCI's Motion to Compel and for Sanctions. Thereafter, Adams filed a motion to dismiss. Although she purportedly withdrew her motion to dismiss via email, the trial court entered its *Order Awarding Attorneys' Fees & Dismissing Case* on June 18, 2025. The order was filed on June 23, 2025. By that order, the court awarded ABCI $14,271.25 in attorney's fees as discovery sanctions and dismissed Adams's claims without prejudice per her request.

## ANALYSIS

## Applicable Law

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.). At both trial and on appeal, the pro se appellant must properly present her case. *Id.* The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

An appellate issue unsupported by argument or citation to the record or by appropriate legal authority presents nothing for our review. *Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for

2

that party." *Id.* *See also Roberts v. City of Tex. City*, No. 01-21-00064-CV, 2021 Tex. App. LEXIS 9623, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (discussing requisites of appellate briefs); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied) (discussing same).

Waiver Due to Inadequate Briefing

At the outset, ABCI argues Adams has waived error through inadequate briefing. It points to, among other deficiencies in her brief, several citations by Adams that appear to be non-existent. It points also to fictitious quotations Adams attributed to real cases that do not contain such language, Adams's inaccurate descriptions of case holdings and mischaracterizations of the clerk's and reporter's records, and Adams's failure to comply with Texas Rules of Appellate Procedure, including failing to provide the required Appendix and Certificate of Compliance.

Our review of Adams's brief reveals ABCI's contentions to be true. We note also the trial court previously admonished Adams as follows:

> Ms. Adams is reminded that, as a *pro se* litigant, she is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Any further blatant misrepresentations of case law will not be permitted and may result in the issuance of sanctions. The use of artificial intelligence in preparation of a submission to the Court will not excuse misrepresentations of case law.

We find Adams has failed to comply with Rule 38.1 concerning appellate briefing rules. Among other deficiencies, she has not provided this Court citation to appropriate, relevant case law to support her contentions. *See Suday v. Suday*, No. 04-23-00836-CV, 2026 Tex. App. LEXIS 261, at *2 (Tex. App.—San Antonio Jan. 14, 2025, no pet.) (mem.

3

op.) (use of an artificial intelligence tool in preparing a brief "could be grounds for striking" the brief).  Many of the cases she cites and the quotations she attributes to cases do not exist, do not contain the said quotations, or do not stand for the propositions for which she cites the authority.  Those authorities cannot, therefore, serve as support for her claims.  As noted, failure to support arguments by citations to appropriate and relevant legal authority presents nothing for our review.  *Blankinship*, 399 S.W.3d at 307.  Consequently, Adams has waived her issues for our review.

Effect of Motion to Dismiss

Further, even if we did not find waiver, we would resolve Adams's issues against her.  Over the course of the proceedings below, the trial court had to repeatedly intervene in discovery disputes.  It issued numerous orders instructing Adams to comply with her discovery obligations and to produce responsive discovery to ABCI's discovery requests.  She failed to do so and in fact, revoked all authorizations for the third-party records the trial court had ordered her to sign and produce, claiming she was attempting to protect them from tampering.  Ultimately, the disputes and refusal to cooperate by Adams led to ABCI filing its Motion to Compel and for Sanctions.  The trial court held a hearing after which it issued an order, dated May 14, 2025, requiring Adams to discontinue her disregard of several enumerated orders.

Adams filed a motion to dismiss the case on May 28, 2025, asking the court to dismiss her case without prejudice.  ABCI filed an application for an award of attorney's fees on May 29, 2025.  In response, Adams stated in a written pleading, "[i]f the Court determines that dismissal must come at a financial cost, Plaintiff reserves the right to withdraw her Motion to Dismiss and proceed with litigation.  Plaintiff will not be forced to

subsidize the defense's fees in exchange for access to the courthouse doors closing behind her." On June 18, 2025, the court issued its *Order Awarding Attorneys' Fees & Dismissing Case*. The order was filed on June 23, 2025. Adams claims on appeal that the *Order Awarding Attorneys' Fees & Dismissing Case* is void because she withdrew the underlying motion via a June 18, 2025 email before the order was signed.[1] Even assuming such a withdrawal by email would be valid and effective, we cannot agree with Adams's contention.

Rule 162 provides "[a]t any time before the plaintiff has introduced all of [her] evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit." TEX. R. CIV. P. 162. Also, a dismissal under the rule has "no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court." *Id.* Under Texas law, a motion for nonsuit is effective the moment it is filed, and the filing party has no unilateral right to withdraw it. Our Court noted in *Trigg v. Moore*, 335 S.W.3d 243, 245 (Tex. App.—Amarillo 2010, pet. denied) that "[i]t does not take much imagination to see how a litigant could use an unfettered ability to dismiss and reinstate to utterly disrupt discovery, a trial, or the orderly proceeding of the cause in general." Indeed, the unqualified right of a party to withdraw its nonsuit "could render legal proceedings farcical." *Id.* The trial court here granted the dismissal in accordance with Adams's motion, doing so without prejudice as she requested.[2]

---

[1] She also makes allegations that the trial court "backdated" the order to show it was signed prior to receipt of her email purportedly withdrawing the motion to dismiss.

[2] We note that ABCI asked the trial court to dismiss the cause with prejudice.

A nonsuited claim may be revived by filing a motion for new trial, by filing a motion to reinstate or a motion to withdraw the nonsuit, or by agreement of the parties. *Lawson v. Scott Morrison & Oaks, Hartline & Daly, LLP,* No. 03-19-00301-CV, 2021 Tex. App. LEXIS 3799, at *7 (Tex. App.—Austin May 14, 2021, no pet.) (mem. op.). Whether to grant or deny such a motion rests within the sound discretion of the trial court. *Id.* Adams did not file any of the above motions, nor was there an agreement by the parties. She instead filed a motion to vacate the order on June 23, 2025. It was overruled by operation of law. While Adams contends the trial court refused to rule on the motion during its period of plenary power, thereby depriving her of a fair opportunity to be heard, such a motion may be ruled upon either by a written and signed order or by operation of law, whichever occurs first. TEX. R. CIV. P. 329b. Nor was an in-person hearing required before ruling on the motion. *See Cire v. Cummings*, 134 S.W.3d 835, 843–44 (Tex. 2004) ("[a] 'hearing' does not necessarily contemplate a personal appearance before the court or an oral presentation to the court"). Therefore, the trial court did not deprive Adams of any right or opportunity, and it retained the discretion to overrule the motion by operation of law. Therefore, the order dismissing Adams's suit remained in place.

Other Claims

Lastly, Adams argues the following: (1) the attorneys' fees that were paid by insurance cannot be recovered as sanctions, (2) the law required individualized rulings on discovery requests and the court did not make such rulings, (3) the trial court improperly refused to apply the crime-fraud exception to attorney-client privilege, (4) there were improper alleged ex parte communications made, and (5) judicial bias existed. These points all lack legal merit.

First, Adams provided no relevant or applicable legal authority to support her proposition that a party cannot recover fees as sanctions when fees were paid by insurance. The only authority she did cite was authority that did not exist. Second, Adams does not cite to any relevant, applicable authority supporting her claim that the trial court was required to review and rule on each discovery request and objection individually. The authority she cited did not support her assertion. And the record shows the court did make several individual rulings. Third, Adams failed to include in the record pleadings necessary to review the merits of her claim concerning the application of the crime-fraud exception to attorney-client privilege. It appears from the record that the exception was properly not applied in this case, and Adams did not provide authority to show otherwise. Fourth, Adams complains of ex parte communications. The record reveals no such communications. Lastly, Adams contends there was bias by the trial court. However, Adams never filed a motion to recuse, and, other than reserving her right to file a motion to recuse under rule 18a of the Texas Rules of Civil Procedure in her motion to vacate, she never brought this issue to the attention of the trial court.

## CONCLUSION

We resolve Adams's issues against her and affirm the judgment of the trial court.

Alex Yarbrough
Justice